UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:13-434-GFVT

KENNETH JARMAN,                                                                                           PLAINTIFF,

V.            **MAGISTRATE JUDGE'S REPORT**
                    **AND RECOMMENDATION**

SSA (CAROLYN W. COLVIN, Acting
Commissioner of Social Security),                                                                DEFENDANT.

## INTRODUCTION

Plaintiff, Kenneth Jarman, brought this action under 42 U.S.C. §§ 405(g)[1] and 1383(c)(3) to challenge the Defendant Commissioner's final decision to deny him disability insurance benefits. [R. 1 at 1]. Subsequently, District Court Judge Gregory F. Van Tatenhove referred this matter to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). [R. 13]. For the reasons stated herein, the undersigned recommends that the Court find one of Jarman's arguments forfeited and order him to rebrief the remaining two arguments.

## DISCUSSION

Jarman lists three arguments in support of his summary-judgment motion: (1) the ALJ did not give the appropriate weight to the opinion of Jarman's treating physician and failed to provide adequate reasoning for not accepting the opinion; (2) the ALJ did not consider the combined effects of Jarman's impairments in determining whether Jarman was disabled; and (3) a reasonable person

---

[1] Jarman cited 42 U.S.C. § 405(a) in his complaint, [R. 1 at 1], but § 405(g), rather than (a), authorizes judicial review of the final decision of the Commissioner.

could not conclude that Jarman is not disabled, given the results from his treating physician. [R. 10-1 at 1-2].  However, Jarman's spartan brief does little more than list these arguments.  In fact, it consists of nothing more than general statements of law lacking any specific application to this case. In that sense, it is nearly identical to several other briefs filed by Jarman's counsel before this Court. See Smith v. Colvin, No. 6:14-cv-117-ART; 2014 WL 3659778, R. 12-1 (E.D. Ky. Oct. 27, 2014); Vanover v. Colvin, No. 13-CV-00093-DLB, 2014 WL 3659778, R. 11-1 (E.D. Ky. July 23, 2014); Reid v. Colvin, No. 13-cv-00036-ART, 2013 WL 3270436, R. 9-1 (E.D. Ky. June 25, 2013); Treadway v. Astrue, No. 5:11-cv-00345-DCR, R. 9-1 (E.D. Ky. 2012).

In Smith, District Court Judge Amul R. Thapar addressed the very same unsupported, formulaic arguments that Plaintiff's counsel puts forward in his brief in this matter.  Smith, 2014 WL 3659778.  Smith held that counsel's "reasonable person" argument was forfeited for lack of argumentation.  Id. at *3.  However, Smith found that counsel's "treating-physician rule" and "impairments in combination" arguments could potentially involve colorable claims.  Id.  For this reason, the Court ordered counsel to rebrief those two arguments.  Id.

The undersigned finds Judge Thapar's reasoning in Smith to be impeccable.  In the interest of judicial economy, rather than rehashing the opinion here, the undersigned incorporates the rationale of Smith by reference.  A copy of the opinion is attached hereto.

RECOMMENDATION AND ORDER

In keeping with the approach outlined in Smith, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for summary judgment [R. 10] should be **DENIED** with regard to his reasonable-person argument.  The undersigned will recommend an appropriate disposition of the remaining claims following their rebriefing as ordered below.

2

Thus, it is **HEREBY ORDERED** as follows:

(1)   By **Tuesday, February 3, 2015**, Plaintiff **SHALL FILE** a brief that follows the Court's standing order for social security cases, see Smith, 2014 WL 3659778, R. 10. That brief may contain argument on **ONLY** (1) the treating-physician rule and (2) whether the ALJ considered Jarman's impairments in combination. Specifically, counsel **SHALL INCLUDE** in his new brief:

(a)   Citations to the record with explanations of the relevance of those citations.

(b)   Application of the relevant law to the facts in the record.

(2)   Failure to follow the requirements in (3) will result in the undersigned recommending denial of all claims.

(3)   By **Friday, February 13, 2015**, the Commissioner **MAY FILE** a response. If the Commissioner does not file a response, the Court will rely on the Commissioner's previously-submitted motion for summary judgment.[2]

Signed January 20, 2015.



**Signed By:**
*Edward B. Atkins*
**United States Magistrate Judge**

---

[2] Significantly, Smith also ordered that, if counsel filed an identical brief in the future, the Court would strike the brief and order Plaintiff to obtain new counsel. Smith, 2014 WL 3659778, at *4. However, Jarman's brief was submitted before Smith was decided. Accordingly, the undersigned has not recommended that the brief be stricken in this matter.